UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| KEVIN C., ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | 2:22-cv-00327-NT |
| ) | |
| KILO KIJAKAZI, Acting Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant ) | |

**REPORT AND RECOMMENDED DECISION**

On Plaintiff's application for disability insurance benefits under Title II of the Social Security Act, Defendant, the Social Security Administration Commissioner, found that Plaintiff has severe impairments but retains the functional capacity to perform substantial gainful activity. Defendant, therefore, denied Plaintiff's request for disability benefits. Plaintiff filed this action to obtain judicial review of Defendant's final administrative decision pursuant to 42 U.S.C. § 405(g).

Following a review of the record, and after consideration of the parties' arguments, I recommend the Court affirm the administrative decision.

### CASE HISTORY AND THE ADMINISTRATIVE FINDINGS

**A. Prior History**

Plaintiff initially filed for benefits on February 26, 2013, alleging a disability onset date of December 29, 2011. (R. 53.) Plaintiff's claim was denied, and following a hearing on July 15, 2015, Administrative Law Judge (ALJ) Bower found that Plaintiff was not disabled from his alleged onset date through the date of the decision. (R. 463.)

Following the Appeals Council's denial of review, Plaintiff filed an action for judicial review. The Court remanded the matter for further administrative proceedings, concluding that the ALJ's assessment of Plaintiff's residual functional capacity (RFC) was unsupported by expert opinion and exceeded a layperson's expertise. The Court also concluded that the ALJ did not sufficiently identify and discuss the sources from which she derived the components of the RFC. *Coyne v. Berryhill*, No. 2:16-cv-00536-GZS, 2017 WL 4364184, at *3-4 (D. Me. Oct. 1, 2017).

ALJ Helm held a second hearing on February 27, 2018, during which a medical expert and a vocational expert testified. (R. 387-430.) ALJ Helm found Plaintiff was not disabled from his alleged onset date through his date last insured. (R. 507-20.) ALJ Helm identified Plaintiff's date last insured as December 31, 2016. (R. 520.) The Appeals Council remanded the matter for further proceedings because ALJ Helm's decision did not address the period through Plaintiff's actual date last insured, December 31, 2017. (R. 528-29.)

ALJ Holbrook held a third hearing on December 2, 2019. (R. 431-449.) ALJ Holbrook found Plaintiff had severe, but non-listing-level impairments consisting of anxiety disorder and depressive disorder. (R. 331.) The ALJ, relying in part on the testimony of consultative expert Richard Anderson, Ph.D., further found that despite his impairments with certain limitations. (R. 335.)

Based on the RFC finding, ALJ Holbrook concluded that Plaintiff could not return to past relevant work, but given Plaintiff's work experience, and the testimony of a vocational expert, Plaintiff could perform other substantial gainful activity. (R. 342-43.)

ALJ Holbrook determined, therefore, that Plaintiff was not disabled.

Following the Appeals Council's denial of review, Plaintiff sought judicial review. The Court remanded the matter for further administrative proceedings because Defendant had not reviewed and considered certain opinions of Peter Wilk, M.D., one of Plaintiff's treatment providers (hereinafter "the prior decision").[1]  Upon remand, the same ALJ gave great weight to Dr. Anderson's opinions and found that Plaintiff's depressive disorder and anxiety disorder were not disabling. (R. 1009.)

## STANDARD OF REVIEW

A court must affirm the administrative decision provided the decision is based on the correct legal standards and is supported by substantial evidence, even if the record contains evidence capable of supporting an alternative outcome. *Manso-Pizarro v. Sec'y of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v. Sec'y of HHS*, 819 F.2d 1, 3 (1st Cir. 1987).  Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981).  "The ALJ's findings of fact are conclusive when supported by substantial evidence, but they are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters

---

[1] The Court wrote:

> Given that the record lacks any evidence to establish that the ALJ and Dr. Anderson reviewed and discussed [] all of Dr. Wilk's records, in the decision under review, Defendant did not evaluate all the opinions it received. Because the ALJ's decision, including the ALJ's assessment of Dr. Wilk's opinions, squarely rests on the opinion of Dr. Anderson, who did not review all Dr. Wilk's records and because the records reflect Dr. Wilk's opinion on the central issue in the case, the fact that Dr. Anderson and the ALJ did not review and assess the records is not harmless error.

(R. 1089 – 90.)

3

entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## DISCUSSION

Plaintiff argues that remand is required because the ALJ did not comply with the Court's mandate upon remand, and because the RFC is not supported by a valid medical opinion.

Plaintiff argues the Court at least implicitly directed the ALJ to call Dr. Anderson or another medical expert to testify about the records the ALJ and Dr. Anderson did not review, but the ALJ failed to do so. Plaintiff thus maintains the ALJ did not comply with the "mandate rule" which "requires that the trial court conform with the directions of the appellate court on remand." *United States v. Davila-Felix*, 763 F.3d 105, 109 (1st Cir. 2014) (citing *United States v. Bell*, 988 F.2d 247, 251 (1st Cir. 1993)). This District has applied the rule in the social security context. *See e.g., Maddocks v. Astrue*¸ No. 1:11-cv-461-NT, 2012 WL 5255197, at *4 (D. Me. Sept. 30, 2012) (violation of mandate rule when court remanded for further evaluation of RFC and ALJ revisited the step 2 assessment); *Day v. Astrue*, No. 1:12-cv-141-DBH, 2012 WL 6913439, at **4-12 (D. Me. Dec. 30, 2012) (same.) Defendant contends that the ALJ satisfied the Court's direction on remand when he reviewed and commented on the records. (Defendant's Brief at 3-4, ECF No. 13).

In the prior decision, the Court explained the basis for the remand but did not remand the matter with a specific direction. The Court found that certain records of Dr. Wilk, including records that contained Dr. Wilk's opinion as to Plaintiff's work capacity, had been generated before the administrative hearing but were not part of the record

(hereinafter "the opinion records") and, therefore, neither the ALJ nor Dr. Anderson reviewed them. The Court remanded the matter because Defendant failed to "evaluate every medical opinion [it] receive[d]" and consider the relevant factors when deciding the weight to give the opinion as required by 20 C.F.R. § 404.1527(c). (R. 1089 – 90.) The Court, however, did not remand the matter with a specific direction that both the ALJ and Dr. Anderson must review the opinion records to satisfy Defendant's obligation. Rather, the Court simply remanded the matter "for further proceedings." (R. 1090.) Contrary to Plaintiff's argument, therefore, the ALJ did not disregard a mandate by the Court.

In the decision under review, the ALJ discussed Dr. Wilk's records, including the opinion records, independently and in the context of his assessment of Dr. Anderson's opinion, and the ALJ discounted Dr. Wilk's opinion as inconsistent with Plaintiff's treatment history. (R. 1015 – 1018.) The ALJ satisfied Defendant's obligation to evaluate every medical opinion it received.

Plaintiff nevertheless contends the ALJ's RFC determination is unsupported by a valid expert opinion. An ALJ can make an RFC assessment without a medical opinion "so long as he or she does not render a medical judgment that is beyond the bounds of a lay person's competence." *Bowden v. Colvin*, No. 1:13-cv-201-GZS, 2014 WL 1664961, at * 3 (D. Me. Apr. 25, 2014) (quoting *Manso-Pizarro*, 76 F.3d at 17). As the ALJ implicitly acknowledged when he "accord[ed] great weight" to Dr. Anderson's opinion (R. 1017), the impact of Plaintiff's depression and anxiety on Plaintiff's work capacity is not a matter within the expertise of a lay person. The question the Court did not address in the prior decision and that is presented by Plaintiff's claim is whether the ALJ could

5

reasonably rely on the testimony of Dr. Anderson even though Dr. Anderson did not review the opinion records.[2]

The opinion records consist of five documents prepared by Dr. Wilk from September 23, 2014, through June 4, 2015. (R. 1261 – 1265.) The opinion records were evidently prepared for insurance purposes based on information in Dr. Wilk's treatment records regarding Plaintiff.

Although Dr. Anderson did not review the opinion records, Dr. Anderson did review Dr. Wilk's treatment records. Dr. Anderson reviewed the treatment records prepared by Dr. Wilk for nearly forty sessions with Plaintiff from August 30, 2013, through November 22, 2016 (hereinafter "the treatment records"). (R. 290 – 741.)[3]

An ALJ often must assess the reliability of and the weight to give to an expert's opinion. Here, the ALJ acknowledged that Dr. Anderson did not have all the records but found that Dr. Anderson supported his opinion with record evidence and that Dr. Anderson's opinion was consistent with Plaintiff's treatment history, certain test results, Plaintiff's activity level, and Plaintiff's displays of mental functioning. (R. 1017.)

Before offering his opinions, Dr. Anderson reviewed the treatment records that formed the basis of the opinions included in the opinion records that he had not reviewed. Given that Dr. Anderson reviewed the treatment records, the fact that he did not review the opinion records does not automatically disqualify him as an expert nor render his

---

[2] In the prior decision, because the Court concluded that Defendant did not "evaluate every medical opinion [it receive[d]" as required by 20 C.F.R. § 404.1527(c), the Court did not specifically address whether the ALJ could supportably rely on the opinion of Dr. Anderson.

[3] At the hearing, Dr. Anderson testified that he reviewed Plaintiff's medical records through Exhibit 14F. (R. 398.) The treatment records are designated as Exhibits 8F and 9F.

opinions unfounded. There is no rule that requires a medical expert to review every record for the expert to offer an opinion that could support an ALJ's finding. While an ALJ could conceivably err in relying on the opinion of a consulting medical expert if the expert did not review enough of the pertinent medical record to be able offer a reliable opinion, typically, the extent and quality of the information upon which an expert's opinion is based are factors for an ALJ to consider when determining the weight to give the opinion. The record reflects that Dr. Anderson reviewed a substantial portion of the relevant record, including Dr. Wilk's treatment records, and the ALJ provided a reasonable and supportable explanation for his decision to give great weight to Dr. Anderson's opinion. "[I]t is not the job of the courts to reweigh the evidence." *Malaney v. Berryhill*, No. 2:16-cv-00404-GZS, 2017 WL 2537226, at *2 (D. Me. June 11, 2017), *recommended decision adopted*, 2017 WL 2963371 (July 11, 2017).

The ALJ's RFC determination is supported by a valid medical opinion and substantial evidence on the record. Remand is not warranted.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court affirm the administrative decision.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

   Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

              /s/ John C. Nivison
              U.S. Magistrate Judge

Dated this 25th day of July, 2023.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 25th day of July, 2023.