## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| KEVIN C., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket No. 2:22-cv-00327-NT |
| | ) |
| MARTIN O'MALLEY, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant.[1] | ) |

### ORDER ON PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES AND EXPENSES UNDER THE EQUAL ACCESS TO JUSTICE ACT

The Plaintiff, through counsel, requests an award of fees and expenses under the Equal Access to Justice Act ("**EAJA**"), 28 U.S.C. § 2412(d). EAJA Appl. for Fees and Expenses (ECF No. 28). The Defendant opposes the request on the grounds that the Commissioner's position was substantially justified (ECF No. 30). For the reasons set forth below, the Plaintiff's application for EAJA fees and expenses is **DENIED**.

### BACKGROUND

Congress enacted the EAJA "to eliminate for the average person the financial disincentive to challenge unreasonable governmental actions." *Comm'r of INS v. Jean*, 496 U.S. 154, 163 (1990). To that end, the EAJA directs courts to award fees and costs to a prevailing party in an action against the United States. 28 U.S.C. § 2412(d)(1)(A). "[T]he Government may defeat this entitlement by showing that its

---

[1] Martin O'Malley became Commissioner of the Social Security Administration on December 20, 2023, so he is automatically substituted for former Acting Commissioner Kilolo Kijakazi as the Defendant in this case. *See* Fed. R. Civ. P. 25(d).

position in the underlying litigation 'was substantially justified.' " *Scarborough v. Principi*, 541 U.S. 401, 405 (2004) (quoting 28 U.S.C. § 2412(d)(1)(A)).

For a claimant to receive an EAJA fee award, four prerequisites must be met: (1) the claimant must be the "prevailing party"; (2) the government's position must not be "substantially justified"; (3) no "special circumstances" make the award "unjust"; and (4) the application must be supported by an itemized statement and submitted within thirty days of judgment. *Jean*, 496 U.S. at 158 (quoting 28 U.S.C. § 2412(d)(1)(B)). Because the EAJA is a waiver by the government of its sovereign immunity, it "must be construed strictly in favor of the government." *Aronov v. Napolitano*, 562 F.3d 84, 88 (1st Cir. 2009) (citing *Ardestani v. INS,* 502 U.S. 129, 137 (1991)).

This case has had a long history between the Social Security Administration and this Court. The Plaintiff initially filed for disability benefits in 2013 and, after his claim was denied, he sought review here and achieved a remand. *See Coyne v. Berryhill*, No. 2:16-cv-00536-GZS, 2017 WL 4364184, at \*2, 4 (D. Me. Oct. 1, 2017), *R. & R. adopted*, 2017 WL 4700727. The parties reached an agreement on the Plaintiff's award of EAJA attorneys' fees based on that remand. *See Coyne v. Berryhill*, No. 2:16-cv-00536-GZS, Order Granting Consent Mot. for Att'y Fees (ECF No. 25) (D. Me. Feb. 27, 2018). Following the remand, the Commissioner again denied the Plaintiff's claim for benefits, and the Plaintiff again sought judicial review. The Court once again vacated the Commissioner's decision and remanded. *See Kevin C. v. Kijakazi*, No. 2:20-cv-00435-NT, 2021 WL 5236493, at \*3 (D. Me. Nov. 10, 2021), *R.

*& R. adopted,* 2021 WL 5567425. The Plaintiff applied for attorneys' fees under the EAJA, which the Commissioner opposed as untimely. After considering the parties' arguments and the relevant case law, I denied the Plaintiff's request for attorneys' fees because counsel had filed his EAJA application after the statutory 30-day deadline had passed. *Kevin C. v. Kijakazi*, No. 2:20-cv-00435-NT, 2022 WL 2047728, at \*2–4 (D. Me. June 7, 2022).

After the last remand, the Commissioner again denied the Plaintiff's claim for benefits, and the Plaintiff again appealed the denial to this Court. The Magistrate Judge concluded that the residual functional capacity determination made by the Administrative Law Judge ("**ALJ**") on remand was "supported by a valid medical opinion and substantial evidence on the record." *Kevin C. v. Kijakazi*, No. 2:22-cv-00327-NT, 2023 WL 4740718, at \*3 (D. Me. July 25, 2023). The Magistrate Judge recommended that remand was not warranted. *Id.*

That brought the matter to me. The Plaintiff filed an objection to the Magistrate Judge's Recommended Decision, in which he argued that the ALJ should not have relied on the medical opinion of Dr. Anderson because Dr. Anderson testified that he did not review the "difficult to read" and "basically illegible" handwritten treatment notes of the Plaintiff's providers. Pl.'s Appl. for De Novo Review and for Oral Arg. 8 (ECF No. 18). The parties further briefed the issue and I held oral argument on October 31, 2023. *See* ECF Nos. 19–24. Following that hearing, the Commissioner filed an unopposed motion for remand for further proceedings before a

new ALJ, Def.'s Unopposed Mot. for Remand Under Sentence Four of 42 U.S.C. § 405(g) ("**Remand Mot.**") (ECF No. 25), which I granted, Order (ECF No. 26).

## DISCUSSION

The Commissioner argues that the Plaintiff is not entitled to attorneys' fees under the EAJA because the Commissioner's position was substantially justified. Def.'s Opp'n to Pl.'s EAJA App. for Fees and Expenses ("**Def.'s Opp'n**") 1 (ECF No. 30). The Supreme Court has held that the phrase "substantially justified" in the EAJA context means "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). "[T]he government is substantially justified if it has a reasonable basis in law and fact for its position, or put another way, if a reasonable person could think the government's position correct." *Michel v. Mayorkas*, 68 F.4th 74, 78 (1st Cir. 2023) (internal citations and quotation marks omitted). The burden is on the government to show by a preponderance of the evidence that its position was substantially justified. *Id.* Further, the government's burden under the statute is twofold: the EAJA requires that the government's position in both the civil action *and* "the action or failure to act by the agency" be substantially justified. *McDonald v. Sec'y of Health & Hum. Servs.*, 884 F.2d 1468, 1475–76 (1st Cir. 1989) (quoting 28 U.S.C. § 2412(d)(2)(D)).

Here, the case ended in the Commissioner moving for a remand. This happened before I issued my decision on the Magistrate Judge's recommendation that I rule against the Plaintiff and affirm the ALJ's decision. As the Commissioner points out

4

in its opposition, I signaled to the parties at oral argument that I thought the Commissioner had "the winning argument" in the case. Oral Arg. Tr. 25:4–25:5 (ECF No. 29). I also outlined what I viewed as the crux of the issue: the reason Dr. Anderson's substantive opinion testimony was a "thin read" and so limited was likely because he couldn't read the handwritten records of the treating providers. Oral Arg. Tr. 24:9–24:14. And I drew Plaintiff's counsel's attention to *Braley v. Barnhart*, No. 04-176-B-W, 2005 WL 1353371 (D. Me. June 7, 2005), *R. & R. adopted*, 2005 WL 1520797. Oral Arg. Tr. 6:11–6:19. In that case, this Court held that "the plaintiff, who at all relevant times was represented by counsel, defaulted in her Step Two burden of production by failing to provide . . . a legible copy of the [treating physician's] RFC" and that "the commissioner cannot be faulted for failing to supply greater weight to an illegible document." *Id.* at *3. At oral argument, I questioned why Plaintiff's counsel on remand—knowing that the handwritten medical notes were difficult to read—did not have the notes transcribed, certified, and put into evidence in a form that would be useful to the parties and to the reviewing experts to try to support the Plaintiff's burden. Oral Arg. Tr. 5:6–5:16, 6:24–7:12.

I later suggested to counsel for the Commissioner that the Commissioner "consider a voluntary remand with the plaintiff meeting the burden of providing legible records to run those by Dr. Anderson" because "that's what's fair here." Oral Arg. Tr. 24:19–24:24. In other words, I told the Commissioner that even though the Social Security Administration "may win on the standard" that I must apply in these social security appeals, "that's not the fair way to go about this." Oral Arg. Tr. 24:24–

5

25:1. I concluded oral argument by leaving the matter under advisement for a week and expressing my hope that counsel for the Commissioner would use that time to raise the idea of "a voluntary remand under the terms that I . . . suggested, that [Plaintiff's counsel] provide a typed version of the notes and particularly a typed version of the opinion" so that it would not be "so difficult for the commissioner to do their job."[2] Oral Arg. Tr. 26:8–26:15. A week later, the Commissioner filed a consented-to motion for remand for further proceedings to allow, among other things, a new ALJ to obtain a new medical expert opinion after the ALJ "ensure[s] the medical expert receives information necessary for a full and complete record, including copies of medical evidence and any other relevant evidence" and "offer[s] Plaintiff an opportunity to submit transcribed copies of handwritten records from his treating source(s)." Remand Mot. 3–4.

Based on the foregoing, I find that the Commissioner has met his burden of showing that his position was substantially justified because a reasonable person could think that the Commissioner's position was correct. Indeed, I all but said as much during oral argument. The fact that the Commissioner moved for a voluntary remand only goes to show that the Plaintiff is the prevailing party. *See Smyth v. Kijakazi*, No. CV 20-12275, 2021 WL 5771634, at *2 (D. Mass. Dec. 6, 2021) ("Plaintiff is the prevailing party because the case was reversed and remanded pursuant to

---

[2]  I also signaled at oral argument that I agreed with the Magistrate Judge that the ALJ did not violate the mandate rule because, to the extent that the 2019 recommended decision that I adopted remanded the case to the ALJ to consider the medical records of Dr. Wilk (one of the Plaintiff's treatment providers), "that was done." Oral Arg. Tr. 11:11–11:19 (ECF No. 29).

sentence four of 42 U.S.C. § 405(g)."); *see also Shalala v. Schaefer*, 509 U.S. 292, 301–02 (1993). "The mere fact that the government does not prevail is not dispositive on the issue of substantial justification," *Schock v. United States*, 254 F.3d 1, 5 (1st Cir. 2001), because "even if the government fail[s] on the merits, its position could still have been substantially justified." *Michel*, 68 F.4th at 78.

The Plaintiff argues that the fact of the voluntary remand here means that the Commissioner has "conced[ed] that its prior processing of the case was not appropriate and the case must be reheard." Reply to the Commissioner's Opp'n to EAJA Fees ("**Reply**") 5 (ECF No. 31). In support of this argument, the Plaintiff cites a social security case from the Eastern District of Pennsylvania. Reply 5. In that case, the court held that "SSA's voluntary remand concedes that SSA initially, and repeatedly, overlooked *something* material (either legal theory or facts) at the administrative level." *Rivera-Reyes v. Kijakazi*, 684 F. Supp. 3d 361, 368 (E.D. Pa. 2023). In that case, however, the Commissioner did "not disclose its reasoning for the voluntary remand due to privilege concerns," so the court concluded that "[w]ithout full insight to SSA's reasoning, or targeted briefing on the substantial justification analysis," it could not find that the government satisfied its burden of showing substantial justification. *Id.* at 367–68. By contrast, here I have full insight into the reason why the Commissioner moved for voluntary remand, and I have the benefit of the parties' targeted and helpful briefing on the issue of substantial justification.

The Plaintiff also cites a handful of cases from California and Texas where the plaintiffs similarly sought EAJA fees after achieving voluntary remands. But those

7

cases are also distinguishable because in those cases, the fee request came to the court by way of either a joint motion or an unopposed motion for fees so the government did not file an objection and therefore did not try to argue that its position was substantially justified. *See* Reply 5; *Martha G. v. Kijakazi*, No. 21-cv-01702, 2022 WL 17069832, at *2 (S.D. Cal. Nov. 17, 2022); *Ulugalu v. Berryhill*, No. 3:17-cv-01087, 2018 WL 2012330, at *1–3 (S.D. Cal. Apr. 30, 2018); *Fitzgerald v. Kijakazi*, No. 7:21-cv-00148, 2022 WL 17969096, at *2 (S.D. Tex. July 28, 2022), *R. & R. adopted,* 2022 WL 17970212.

More on point is *Aronov v. Napolitano*, 562 F.3d 84 (1st Cir. 2009), an EAJA case cited by the Commissioner even though, as the Plaintiff calls out, it arose in the immigration context. *See* Def.'s Opp'n 5–6; Reply 7. After the plaintiff in *Aronov* sued the U.S. Citizenship and Immigration Service ("**USCIS**") in federal court over his citizenship application, USCIS entered into a voluntary settlement and never filed a responsive pleading. 562 F.3d at 86. The parties instead filed a joint motion to remand. *Id*. The First Circuit held that the plaintiff was not entitled to an EAJA fee award because, despite the fact that USCIS agreed to a remand of the matter, the government had met its burden of showing that the agency's conduct was substantially justified. *Id*. at 94–99. As the First Circuit explained: "While we think the agency was 'right' in how it handled the matter, the substantial justification analysis does not hinge on whether the agency was right or wrong but on whether its actions were reasonable." *Id.* at 95.

Another case that cuts against the Plaintiff is *Baez v. Astrue*, 593 F. Supp. 2d 310 (D. Mass. 2009). There, the court "determined on its own initiative that Plaintiff's representative's ineffectiveness," including the fact that the representative "was not at all prepared to develop the record" before the ALJ, "necessitated remand." *Id.* at 315. The court concluded, "[g]iven these particular circumstances, the Commissioner was substantially justified in defending the ALJ's decision before this court." *Id.* The issue I identified at oral argument—Plaintiff's counsel's failure to ensure that the handwritten medical records were in a readable form and to request that the ALJ recall Dr. Anderson to testify at the hearing following the last remand after he had had an opportunity to fully review the Plaintiff's records—is a similar "particular circumstance" and supports a finding that the Commissioner was substantially justified in defending the ALJ's decision here.

Finally, I am mindful of the unique position I put the Commissioner in by encouraging counsel to consider a voluntary remand and "do justice" in this case rather than go for the win. Using the right and reasonable actions of the Commissioner against him here, where his conduct was substantially justified, would only ensure that no good deed goes unpunished. It does nothing to further the policy underlying the EAJA to make it easier for the average person to "challenge *unreasonable* governmental actions." *See Jean*, 496 U.S. at 163 (emphasis added). I therefore conclude that the Plaintiff is not entitled to attorneys' fees under the EAJA.

## CONCLUSION

For the foregoing reasons, the Plaintiff's application for attorneys' fees and expenses under the EAJA (ECF No. 28) is **DENIED**.

SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated this 18th day of July, 2024.